## Nesbit *against* Greaves.

Insolvent bond dated 11th January, conditioned for appearance on the third Monday of March ensuing (21st), to present petition, &c. for the benefit of the insolvent laws. On the 18th March the debtor applied for the benefit of the bankrupt law of the United States, under which, on the 17th August, he obtained his discharge. *Held*, that the application and discharge under the bankrupt law excused him from complying with the condition of the insolvent bond.

ERROR to the Common Pleas of *Armstrong* county.

This was an action of debt brought by Horatio G. Greaves against J. N. Nesbit and others, on an insolvent bond dated 11th January 1842. The defendants pleaded payment, and specially that the bond was given by Nesbit conditioned for his appearance at the court ensuing its date of Armstrong county, to present his petition, &c. for the benefit of the insolvent laws of this Commonwealth; that on the 18th March following the date of said bond, Nesbit applied for the benefit of the bankrupt law; and that on the 17th August following he received his discharge. The plaintiff demurred to the special plea. The defendants joined in demurrer, and withdrew the plea of payment. The court entered judgment for the plaintiff on the demurrer; which the defendants assigned for error.

*J. Stewart*, for plaintiffs in error.
*W. Stewart*, contra.

The opinion of the court was delivered by

KENNEDY, J.—Debt upon a bond executed by the plaintiffs in error, on the 11th day of January 1842, in the sum of $391, to the defendant in error, conditioned for the appearance of Nesbit, one of the plaintiffs in error, at the next court of Common Pleas, to be held in and for the county of Armstrong, on the third Monday of March then next ensuing, and there take the benefit of the insolvent laws of this State. The third Monday of March, in that year, was the 21st day of the month. Nesbit did not appear at the court and present his petition for relief under the insolvent laws, in conformity to the condition of the bond; but previously to that day, on the 18th day of the same month, he applied to the District Court of the United States for the benefit of the bankrupt law, and on the 17th day of August then next following, obtained it. The question then which arises here, is, did Nesbit's application for relief under the bankrupt law, and his subsequent attainment of it, excuse him from proceeding in conformity to the con-

[Nesbit v. Greaves.]

dition of his bond to obtain relief under the insolvent laws? The court below was of opinion that it did not, and therefore rendered a judgment against him and his sureties on the bond. In this, it is alleged that the court erred, and so it appears to us; as the creditor, the plaintiff in this action and the obligee in the bond, could have derived no possible benefit or advantage from Nesbit's having proceeded and obtained a discharge under the insolvent laws of the State. The proceeding in bankruptcy was commenced in court before any proceeding could be commenced in the State court for the benefit of the insolvent laws; so that the assignees under the bankrupt law became entitled, in trust, to all the property and effects of Nesbit, leaving nothing for him that he could assign, under the insolvent laws, for the benefit of the plaintiff below, or any one else. Besides, the court of the United States having obtained jurisdiction first of Nesbit's case, and its jurisdiction, in such case, appearing to be paramount, under the bankrupt law, to that of the State court; it would, therefore, seem to have been improper for Nesbit to have proceeded in the State court to have obtained the benefit of the insolvent laws. But suppose he had appeared in the State court and presented his petition for relief, but had been prevented from obtaining it, and had thereupon, according to the terms of the condition of the bond, surrendered himself immediately to prison; after having obtained a discharge under the bankrupt law from all his debts, it is perfectly obvious that he could not have been detained in confinement upon such surrender. Why then require a proceeding that could have been of no possible advantage to the plaintiff below, in any possible event that could have occurred? By Nesbit's taking the benefit of the bankrupt law, the plaintiff below obtained every advantage that the assignment of his property and effects could afford, in as full and ample a degree as if he had taken the benefit of the insolvent laws. We are therefore of opinion that the judgment of the court below be reversed, and judgment be entered on the case stated for the plaintiffs in error.

Judgment reversed, and judgment for the defendants.